UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RALPH T. O'NEAL, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:18-cv-00306-JPH-MJD |
| | ) |
| KRUEGER, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Motion for Judicial Notice and to File Instanter, Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and Directing Entry of Final Judgment**

Petitioner Ralph T. O'Neal III, a federal inmate currently housed at the Federal Correctional Institution, located in Fairton, New Jersey, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He argues that he is entitled to relief under: (1) *Dorsey v. United States*, 567 U.S. 260 (2012)[2] and the Fair Sentencing Act, which entitles him to an amended sentence; and (2) *Mathis v. United States*, 136 S. Ct. 2243 (2016),[3] because he does not have the necessary predicate convictions for a life sentence under 24 U.S.C. § 841(b)(1). For the reasons explained below, his petition is **denied**.

---

[1] Mr. O'Neal was incarcerated at the Federal Correctional Institution located in Terre Haute, Indiana, when he filed his petition. *See* dkt. 1. He was subsequently transferred to the Federal Correctional Institution in Fairton, New Jersey. *See* dkt. 33.

[2] In *Dorsey*, the United States Supreme Court held that the statutory minimums in the Fair Sentencing Act (FSA) only "apply to defendants sentenced after the statute's effective date of August 3, 2010, even if their offense conduct occurred prior to August 3, 2010." *United States v. Foster*, 701 F.3d 1142, 1156 (7th Cir. 2012).

[3] In *Mathis*, the United States Supreme Court "narrowed the range of state statutes that qualify as violent felony predicates under the Armed Career Criminal Act." *Chazen v. Marske*, 938 F.3d 851, 855 (7th Cir. 2019).

1

## I.  Motion for Judicial Notice and to File Instanter

On October 7, 2019, Mr. O'Neal filed a motion for judicial notice and to file instanter. Dkt. 38. In his motion, he asks the Court to take judicial notice of *Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019), and asserts additional arguments in support of his § 2241 petition. This motion, dkt. [38], is **denied**.

To the extent Mr. O'Neal asks the Court to take judicial notice of a case decided by the Seventh Circuit, no such motion is necessary. Insofar as Mr. O'Neal uses his motion to assert further arguments in support of his § 2241 petition, the motion is improper. Mr. O'Neal had an opportunity to reply to the respondent's supplemental response and did so. Dkt. 37. This motion was filed almost four months after his deadline to file a reply, and Mr. O'Neal did not seek leave to file a supplemental reply or argue that special circumstances justified allowing him to present further argument.

## II.  Factual and Procedural Background

In 2009, Mr. O'Neal was convicted by a jury in the Eastern District of Tennessee of one count of conspiring to distribute, and possessing with intent to distribute, at least five kilograms of cocaine hydrochloride and 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 (Count One); two counts of aiding and abetting the distribution of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (Counts Two and Three); four counts of distributing cocaine hydrochloride within 1,000 feet of a public elementary school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 860 (Counts Four, Five, Six, and Ten); two counts of aiding and abetting in the distribution of five grams or more of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 860 and 18 U.S.C. § 2 (Count Seven and Nine); one count of aiding and abetting in the distribution of 50

grams or more of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. § 2 (Count Eight); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Eleven). *United States v. O'Neal et al.*, No. 3:08-cr-00107-PLR-MCLC-1 (E.D. Tenn.) ("Crim. Dkt."), Crim. Dkt. 346.

The United States also filed an information under 21 U.S.C. § 851, listing two prior felony drug offenses: a 1996 Tennessee felony conviction for possession of cocaine, and a 2007 Texas felony conviction for possession of cocaine greater than 400 grams. Crim. Dkt. 105; *see also* Crim. Dkt. 26 (PSR) ¶¶ 68, 72, 112. Based on those two offenses, Mr. O'Neal's mandatory minimum sentence was life imprisonment. 21 U.S.C. § 841(b)(1)(A). Mr. O'Neal was sentenced to life imprisonment on Counts One and Eight. Crim. Dkt. 468. The sentences for the remaining convictions were ordered to run concurrent to the mandatory life sentence.

Mr. O'Neal's convictions and sentences were affirmed on appeal. *United States v. Currier, et al.*, 473 F. App'x 469 (6th Cir. 2012). Mr. O'Neal petitioned the Supreme Court for certiorari, and that was denied. *See O'Neal v. United States*, 568 U.S. 924 (2012).

In 2013, Mr. O'Neal filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing, among other things, that his appellate attorney was ineffective for not raising an argument under the Fair Sentencing Act and *Dorsey*. He supplemented his § 2255 motion with a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that his felon in possession sentence was improperly enhanced under U.S.S.G. § 2K2.1(a)(2). The district court denied the § 2255 motion, finding in part that Mr. O'Neal's *Dorsey* claim was untimely under § 2255(f)(3). Crim. Dkt. 624 at 13. The Sixth Circuit declined to issue a certificate of appealability. Crim. Dkt. 641.

Mr. O'Neal sought permission to file a second or successive § 2255 motion in 2017, but the Sixth Circuit denied his application. Crim. Dkt. 645.

To date, Mr. O'Neal's direct appeal and collateral attacks have been unsuccessful. Now before the Court is Mr. O'Neal's petition for a writ of habeas corpus under § 2241 challenging his sentence.

### III. Availability of Relief Under Section 2241

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. Specifically, under § 2255(e), a federal prisoner may seek relief under § 2241 only if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018).

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc)). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed § 2255(e), referred to as "the savings clause," in *In re Davenport*, holding:

4

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586; *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review). If a petitioner cannot meet all three conditions, he is not entitled to proceed under § 2241. *See, e.g.*, *Davis*, 863 F.3d at 964-65 (affirming denial of relief under § 2241 because petitioner could not establish third *Davenport* requirement).

The respondent recognizes that there is no binding precedent on the issue of choice of law, that is, whether to apply the law of the circuit of conviction or the law of the circuit of confinement to address the merits of Mr. O'Neal's claims. *See* dkt. 36 at 9-10. The respondent does not otherwise dispute, however, that the *Davenport* requirements are applicable in determining whether Mr. O'Neal may proceed under the savings clause. Accordingly, the Court first addresses whether Mr. O'Neal's claims satisfy each of the three *Davenport* requirements to invoke the savings clause.

### A. *Dorsey* Claim

A petitioner cannot assert a claim under § 2241 if he could have, or did, use § 2255 to raise the same claim. *Roundtree*, 910 F.3d at 313 (refusing to address claim that petitioner asserted in § 2255 motion); *see also Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate . . . ." (emphasis in original)).

In his initial § 2255 motion, Mr. O'Neal presented a claim under *Dorsey*. Crim. Dkt. 624 at 13. The district court denied his claim, finding that it was untimely. *Id.* Because Mr. O'Neal asserted his *Dorsey* claim in his § 2255 motion, he cannot take another bite at the post-conviction apple on this claim through the savings clause. The Court will not address Mr. O'Neal's *Dorsey* claim on the merits.

### B. *Mathis* Claim

Mr. O'Neal's *Mathis* claim meets the first two requirements under the savings clause to bring a § 2241 claim. First, *Mathis* is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241"). Second, in the absence of any objection from the respondent, Mr. O'Neal also meets the second requirement because *Mathis* is retroactive. *Chazen v. Markse*, 938 F.3d 851, 861-62 (7th Cir. 2019) (recognizing that *Mathis* "fits the bill" of the second *Davenport* requirement because it "injected much-needed clarity and direction into the law under the Armed Career Criminal Act"); *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("[S]ubstantive decisions such as *Mathis* presumptively apply retroactively on collateral review."). The sole issue then is whether Mr.

O'Neal's petition satisfies the third requirement for relief under § 2241 – that the error is grave enough to be a miscarriage of justice.

Mr. O'Neal's petition also satisfies the third procedural requirement for relief under § 2241. If one or both of Mr. O'Neal's prior two state convictions do not qualify as a "felony drug offense," then Mr. O'Neal is actually innocent of the statutory mandatory minimum sentence of life imprisonment set forth in 21 U.S.C. § 841(b)(1)(A). Thus, the Court will address the merits of Mr. O'Neal's *Mathis* claim.

### IV.  Discussion

Mr. O'Neal argues that there has been a miscarriage of justice because he was wrongfully subject to a statutory mandatory life sentence under 21 U.S.C. § 841. Specifically, he argues that his prior Tennessee and Texas drug convictions are not predicate felony drug offenses under 21 U.S.C. § 841(b)(1)(A). *See* dkt. 12 at 11-16; dkt. 30 at 9-11. He further asserts that the Texas drug conviction is no longer a predicate because the offense was dismissed and discharged. Dkt. 12 at 17.

**A. Applicable Law**

The Seventh Circuit has not decided whether the law of the circuit of conviction or the law of the circuit of confinement applies to a § 2241 petition. The choice of law greatly impacts the outcome of this case. If Sixth Circuit law applies, Mr. O'Neal is not entitled to relief because the Sixth Circuit does not apply *Mathis* to sentence enhancements imposed under § 841(b)(1). *Tennison v. Terris*, No. 18-1934, 2019 WL 3941164, *1 (6th Cir. April 30, 2019) ("But *Mathis* has no bearing on his case because 'this court does not employ a categorical approach to determining whether a prior conviction constitutes a felony drug offense for purposes of section 841(b)(1).'" (quoting *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001)); *see also Romo v. Ormond*,

7

No. 17-6137, 2018 WL 4710046, *2 (6th Cir. Sept. 13, 2018); *Smith v. Ormond*, No. 18-5101, 2018 WL 7143637, *2 (6th Cir. July 30, 2018).

In contrast, if Seventh Circuit law applies, the Court must employ the categorical approach set forth in *Mathis* to analyze whether either of Mr. O'Neal's prior drug convictions qualify as a "felony drug offense" under § 841(b)(1)(A) and 21 U.S.C. § 802(44). *See United States v. Elder*, 900 F.3d 491, 499-501 (7th Cir. 2018). As set forth in the Court's Order dated April 17, 2019, dkt. 32, it appears that Mr. O'Neal's 2007 Texas felony drug conviction cannot serve as a predicate offense when a modified categorical approach is applied.[4]

District courts confronting the choice of law issue have concluded that the law of the circuit of conviction applies. In line with these decisions and the reasons set forth in Judge Barrett's concurrence in *Chazen*, 938 F.3d at 863-66, the Court concludes that the law of the circuit of the conviction applies in this case. This approach will promote consistency within Mr. O'Neal's challenges to his conviction and sentence and avoid inter-circuit conflict on matters within the same case. The transient nature of a § 2241 petitioner's incarceration is another reason to apply the substantive law of the court of conviction rather than the court of incarceration. Mr. O'Neal was convicted in a district court within the Sixth Circuit, originally designated to a BOP facility within the Seventh Circuit and later transferred to another BOP facility within yet another federal judicial circuit. It would not be prudent to apply the substantive law of the court of incarceration under such circumstances.

---

[4] The modified categorical approach is a type of categorical approach that applies "when a statute is divisible, meaning it sets out one or more elements of the offense in the alternative." *Elder*, 900 F.3d at 502. Because the statute underlying Mr. O'Neal's 2007 Texas felony drug conviction, Texas Health & Safety Code Ann. § 481.115, is divisible, the Court applies a modified categorical approach. If the statute "sets out a single (or 'indivisible') set of elements to define a single crime," the categorical approach applies. *See Mathis*, 136 S. Ct. at 2248.

8

### B. Predicate Felony Drug Offense Under 21 U.S.C. § 841(b)(1)(A)

Mr. O'Neal was sentenced to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). When Mr. O'Neal was sentenced on June 9, 2011, the applicable version of § 841 provided in relevant part that, "[i]f any person commits [a violation of this section] after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A) (2009). The term "felony drug offense" in 21 U.S.C. § 841(b)(1) is defined exclusively by 21 U.S.C. § 802(44). *Burgess v. United States*, 553 U.S. 124, 130 (2008); *see also United States v. Graham*, 622 F.3d 445, 456 (6th Cir. 2010). It is defined as a prior state or federal offense that (1) "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances" and (2) is punishable by more than one year in prison. 21 U.S.C. § 802(44).

When determining whether a prior conviction constitutes a "felony drug offense" under § 802(44), the Sixth Circuit does not engage in a detailed comparison of the elements. Rather, the Sixth Circuit looks at the offense generally. *See United States v. Grayson*, 731 F.3d 605, 606-08 (6th Cir. 2013); *United States v. Soto*, 8 F. App'x 535, 540-41 (6th Cir. 2001); *see also Hernandez v. Ormond*, No. 17-81-DLB, 2017 WL 4124176, *3 (E.D. Ky. Sept. 18, 2017) ("To qualify as a 'felony drug offense,' no detailed comparison of elements is required.").

1. Tennessee Possession of Cocaine

In 1996, Mr. O'Neal was convicted of possession of over .5 grams of cocaine,[5] a class B felony, in violation of Tenn. Code Ann. § 39-17-417(c)(1) and sentenced to eight years in a

---

[5] The Court notes that the Amended Judgment (Crim. Dkt. 105-1) reflects that he was convicted of possession of a controlled substance, but that the Government's Information (Crim. Dkt. 105) and the Presentence Investigation Report (Dkt. 26) reflect that he was convicted of possession of cocaine. In any case, Mr. O'Neal does not dispute that he was convicted for possession of cocaine,

9

workhouse. Crim. Dkt. 105-1. The statute at issue here, Tenn. Code Ann. § 39-17-417, provides relevantly:

> (a) It is an offense for a defendant to knowingly:
> (1) Manufacture a controlled substance;
> (2) Deliver a controlled substance;
> (3) Sell a controlled substance; or
> (4) Possess a controlled substance with intent to manufacture, deliver or sell such controlled substance.
> …
>
> (c) A violation of subsection (a) with respect to:
> (1) Cocaine is a Class B felony if the amount involved is point five (.5) grams or more of any substance containing cocaine and, in addition thereto, may be fined not more than one hundred thousand dollars ($100,000);

Tenn. Code Ann. § 39-17-417 (1996). The statutory sentence for a Class B felony in Tennessee at the time of Mr. O'Neal's conviction was "not less than eight (8) nor more than thirty (30) years." Tenn. Code Ann. § 40-35-111(b)(2) (1996).

Section 39-17-417 clearly prohibits conduct "relating to narcotic drugs." 21 U.S.C. § 804(22). The term "narcotic drugs" includes "[c]ocaine, its salts, optical and geometric isomers, and salts of isomers," 21 U.S.C. § 802(17)(D), and Mr. O'Neal was convicted of possessing cocaine. Additionally, section 40-35-111 establishes that a violation of § 39-17-417 is punishable by more than one year in prison. Consequently, Mr. O'Neal's Tennessee possession of cocaine conviction is a predicate "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(A). *See Stone v. Butler*, No. 17-152-KKC, 2017 WL 5618289, *2 (E.D. Ky. Nov. 20, 2017) ("Courts have therefore consistently held that a conviction under Tennessee's controlled substances act qualifies as a valid predicate for an enhancement under 21 U.S.C. § 841(b)(1)(A).").

---

*see* dkt. 12 at 11-12 ("Petitioner's prior convictions for Possession of Cocaine."), and he did not object to the Government's Information.

10

      2.    <u>Texas Possession of Cocaine</u>

In 2007, Mr. O'Neal was convicted of possession of over 400 grams of cocaine, a First-Degree Felony, in violation of Texas Health & Safety Code § 481.115(f) (2007) and sentenced to ten years of community supervision. Crim. Dkt. 105-2. Texas Health & Safety Code § 481.115 provides relevantly:

> (a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice.
> …
>
> (f) An offense under Subsection (a) is punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $ 100,000, if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, 400 grams or more.

Tex. Health & Safety Code Ann. § 481.115 (2007).  Penalty Group 1 is defined under Texas Health & Safety Code § 481.102 and includes cocaine. Tex. Health & Safety Code Ann. § 481.102(3)(D).

Texas Health and Safety Code § 481.115 clearly prohibits conduct "relating to narcotic drugs." 21 U.S.C. § 804(22). As noted above, "narcotic drugs" is defined to include "[c]ocaine, its salts, optical and geometric isomers, and salts of isomers," 21 U.S.C. § 802(17)(D), and Mr. O'Neal was convicted of possessing cocaine. Additionally, § 481.115 establishes that a violation of that section is punishable by more than one year in prison. Tex. Health & Safety Code Ann. § 481.115(f). Consequently, Mr. O'Neal's Texas possession of cocaine conviction is a predicate "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(A). *See Hernandez v. Ormond*, No. 6:18-cv-0060-GFVT, 2019 WL 123881, *3 (E.D. Ky. Jan. 7, 2019) (concluding that prior convictions under Texas Health & Safety Code Ann. § 481.115 "qualify as 'felony drug offenses'

under § 802(44) and, accordingly, qualify as predicate offenses for purposes of the sentencing enhancement provided by § 841(b)(1)(A)").

### C. Dismissal of Texas Conviction

Mr. O'Neal also argues that his Texas drug conviction is no longer a predicate because the offense was dismissed and discharged, in light of *Arreola-Castillo v. United States*, 889 F.3d 378 (7th Cir. 2018). Dkt. 12 at 17. Mr. O'Neal is mistaken. In *Arreola-Castillo*, the Seventh Circuit noted that "an individual may move to reopen a federal sentence based on the state court's ***vacatur*** of a prior conviction that enhanced the sentence." *Id.* at 390 (emphasis added). Mr. O'Neal's submission shows that he completed his sentence and thus his community supervision was terminated. *See* dkt. 12-1 at 2. His conviction was not, however, vacated, and remains a valid predicate felony drug offense under 21 U.S.C. § 841(b)(1)(A). He is not entitled to habeas relief on this basis.

### V.   Conclusion

Mr. O'Neal's motion for judicial notice and to file instanter, dkt. [38], is **denied**. Additionally, for the reasons set forth above, Mr. O'Neal cannot obtain relief pursuant to 28 U.S.C. § 2241. His petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, No. 865 F.3d 894, 900 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 7/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RALPH T. O'NEAL, III
18792-075
FAIRTON - FCI
FAIRTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 420
FAIRTON, NJ 08320

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov